```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
JASON SANTAMARIA and                           :
JESUS SANTAMARIA,                              :
                                               :
                         Plaintiffs            :
                                               :
        -against-                              :
                                               :          SUMMARY ORDER
WILLIAM P. KRUPA and                           :          15-cv-6259 (DLI)
JHOC INC., d/b/a PREMIER TRANSPORTATION        :
                                               :
                         Defendants.           :
----------------------------------------------------------------x
```
**DORA L. IRIZARRY, United States District Judge:**

On November 2, 2015, defendants William P. Krupa ("Krupa") and JHOC Inc. d/b/a Premier Transportation ("JHOC," and collectively with Krupa, "Defendants") filed a notice to remove this action from the Supreme Court of the State of New York, Queens County to this Court (the "Notice," Dkt. Entry No. 1). For the reasons set forth below, this case is remanded to the state court, *sua sponte*.

## BACKGROUND

On January 5, 2015, plaintiffs Jason and Jesus Santamaria ("Plaintiffs") commenced this state court action against Defendants, alleging negligence arising out of a motor vehicle accident. Notice at ¶ 2. According to the Notice, Plaintiffs commenced the action by "filing" the summons and complaint. *Id.* at ¶ 4. However, the Notice is silent on whether Plaintiffs ever served the summons and complaint on Defendants. *See generally Id.* The complaint itself (the "Complaint," Dkt. Entry No. 1-1) states that Plaintiffs filed the summons and complaint with "the Secretary of State of New York pursuant to Section 253 of the Vehicle and Traffic Law. . . ." Complaint at 1. In any event, Defendants clearly received the summons and complaint, because on February 10, 2015, they filed a verified answer. Notice at ¶ 5.

1

Defendants assert federal subject matter jurisdiction in this case pursuant to 28 U.S.C. § 1332, and they claim that removal is proper under 28 U.S.C. § 1441. *Id.* at ¶ 6. As to the complete diversity requirement, Defendants allege that Plaintiffs are both citizens of New York, defendant Krupa is a citizen of Connecticut, and defendant JHOC is a citizen of Georgia. *Id.* at ¶ 3. Regarding the amount in controversy, Defendants assert that Plaintiffs have failed to comply with several orders of the state court directing plaintiffs to file an *ad damnum*, and, because of this failure, Plaintiffs have conceded that the amount in controversy exceeds $75,000. *Id.*

Curiously, the Notice never actually states that the face of the Complaint fails to allege a damages amount. *See generally Id.* However, the allegation that Plaintiffs failed to file an *ad damnum* clearly is intended to convey that Plaintiffs have not announced the amount of damages they seek in *any* pleading, including the Complaint. Furthermore, a review of the Complaint itself shows that it does not state an amount of damages. *See generally* Complaint. Plaintiffs have not filed a motion for remand. *See* Docket.

## DISCUSSION

As a threshold matter, the Court must first address whether it may remand this case to the state court *sua sponte*, absent a motion from Plaintiffs. The relevant statute, 28 U.S.C. § 1447(c) states, in pertinent part:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. *Id.*

The Second Circuit has construed this statute as authorizing district courts to remand a case *sua sponte* under two circumstances. First, if the district court remands the case on procedural grounds, it must do so within 30 days of the filing of the notice of removal. *Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131 (2d Cir.

2

2006) (citing *Hamilton v. Aetna Life and Cas. Co.*, 5 F.3d 642, 644 (2d Cir.1993)). Alternatively, *sua sponte* remand is proper at any time if the district court finds that it does not possess subject matter jurisdiction. *Id.* at 133-34 (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534 (1986)). The Court finds that, in this case, remand is proper on both procedural grounds, and for lack of subject matter jurisdiction.

*(A) Subject Matter Jurisdiction*

As the removing party, Defendants have the burden of proving that this case exceeds the jurisdictional amount in controversy. *Lupo v. Human Affairs Intern., Inc.*, 28 F.3d 269, 273 (2d Cir.1994). "[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Id.* at 273-74. The Second Circuit has cautioned district courts to "construe the removal statute narrowly, resolving any doubts against removability." *In re Fosamax Products Liab. Litig.*, 2013 WL 603187, at *2 (S.D.N.Y. Feb. 14, 2013) (citing *Somlyo v. J. Lu–Rob Enters., Inc.*, 932 F.2d 1043, 1045–46 (2d Cir.1991)).

Defendants cannot meet their burden in this case by relying on the face of the Complaint, because the Complaint does not allege a damages amount. Thus, in order for there to be diversity jurisdiction, the Notice must "allege facts adequate to establish the amount in controversy . . . ." *Lupo*, 28 F.3d at 273. Here, the Notice does not allege any facts with respect to the amount in controversy. Rather, Defendants rely on the specious argument that, because Plaintiffs failed to file an *ad damnum*, they have "conceded" that the amount in controversy exceeds $75,000. Plaintiffs' silence regarding the amount in controversy does not relieve Defendants of their burden

3

to set forth facts in their notice of removal establishing the jurisdictional amount. Accordingly, because Defendants have failed to meet their burden, the Court lacks subject matter jurisdiction over this case.

*(B) Removal is Untimely Under 28 U.S.C. § 1446(b)*

Section 1446(b) states in relevant part that "the notice of removal in a civil action or proceeding shall be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . . ." *Id.* However, "the removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought." *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010) (citing *In re Willis*, 228 F.3d 896, 897 (8th Cir.2000) (per curiam)).

Here, although it is unclear precisely when Defendants received the initial pleading, the Court can safely conclude that Defendants received the Complaint, and that more than 30 days have elapsed since that occurrence. Based on the allegations contained in the Notice, as well as in the complaint itself, the Court also concludes that Plaintiffs have not served Defendants with any paper that specifies the amount of damages sought. Nevertheless, on November 2, 2015, Defendants filed their notice of removal based on diversity jurisdiction.

In another case from this district with very similar facts, the court there found that *Moultner* compelled remand on timeliness grounds. *Kum v. Walcott*, 2012 WL 4772072, at *1 (E.D.N.Y. Oct. 5, 2012) (citing *Moultner*, 624 F.3d 34). In *Kum*, the plaintiff did not file a pleading or other paper setting forth the amount of damages sought, so the "removal clock" never began to run. *Id.* (quoting *Moultner*, 624 F.3d at 38). Therefore, the *Kum* court found the defendant's notice of removal untimely under Section 1446(b), because such removal was premature. *Id.*

The Court agrees with this construction of *Moultner*. Accordingly, the Court finds Defendants' Notice premature, and, therefore, untimely under Section 1446(b). Moreover, according to *Mitskovski*, cited above, the Court may properly remand this case on procedural grounds, *sua sponte*, because less than 30 days have passed since Defendants filed the Notice. *Mitskovski*, 435 F.3d at 131.

## **CONCLUSION**

This case is remanded to the state court for lack of subject matter jurisdiction and for Defendants' untimely removal.

SO ORDERED

Dated: Brooklyn, New York
      November 5, 2015

/s/
Dora L. Irizarry
United States District Judge